NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-147-JBC

KEVIN T. SALYERS                                                                                          PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY,
FAYETTE CIRCUIT COURT DIVISION (8) EIGHT                              DEFENDANT

Kevin T. Salyers, who is currently confined in the Fayette County Detention Center ("FCDC") in Lexington, Kentucky, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 [Record No. 2]. The plaintiff has also filed a "Motion to Proceed In Forma Pauperis" [Record No. 2], which the court will address by separate order.

This matter is before the court for initial screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANT

The plaintiff names the "Commonwealth of Kentucky, Fayette Circuit Court Division (8) Eight" as the defendant in this proceeding.

## CLAIMS AND RELIEF SOUGHT

Plaintiff alleges that the Fayette Circuit Court has violated the prohibition against "double jeopardy" set forth in the Fifth Amendment of the United States Constitution.[1] To that extent, he claims that the Fayette Circuit Court has violated his right to due process guaranteed by the Fourteenth Amendment of the United States Constitution.

The plaintiff asks this court to intervene in his state court criminal case,

---

[1] "The Double Jeopardy Clause of the Fifth Amendment commands that '[n]o person shall … be subject for the same offence to be twice put in jeopardy of life or limb.'" *Sattazahn v. Pennsylvania*, 537 U.S. 101, 106, 123 S. Ct. 732, 736 (2003).

2

which he explains is pending in the Eighth Division of the Fayette Circuit Court, *Salyers v. Commonwealth of Kentucky* (no case number given). Plaintiff seeks emergency injunctive relief in the form of an order prohibiting that court from trying him on certain state charges.

## ALLEGATIONS OF THE COMPLAINT

The plaintiff has filed a three-page complaint which is in part difficult to follow, as it contains a series of very long, rambling sentences. Plaintiff alleges that he was indicted in the Fayette Circuit Court for Theft by Unlawful Taking and being a Persistent Felony Offender ("PFO").[2] He appears to argue that because the amount at issue in the Theft by Unlawful Taking charge involved more than $300.00, it automatically increased from being only a Class "A" misdemeanor to a Class "D" felony.

His complaint is that the Fayette Circuit Court is now trying to enhance the Class "D" felony charge to a Class "A" or "B" felony because of his status as a PFO. His argument is that the state court prosecutor's attempted use of the "concealment" element contained in the Shoplifting statute, combined with the attempted use of certain elements of the "Theft by Unlawful Taking" statute, violate the principles against double jeopardy. In short, he alleges that he may face a longer prison term if convicted of the offenses with which he has been charged

---

[2] Plaintiff states that he was originally charged with only Shoplifting, but that he was later indicted for Theft by Unlawful Taking.

in the Fayette Circuit Court.

## DISCUSSION

Based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), the court must deny the plaintiff's request to intervene in his Fayette Circuit Court criminal case.

The *Younger* abstention doctrine counsels a federal court to refrain from adjudicating a matter that is properly before it in deference to ongoing state criminal proceedings. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001). Under the *Younger* abstention doctrine, federal courts should abstain from deciding a matter that implicates pending state criminal proceedings. 401 U.S. at 43-45, 91 S. Ct. 746.

Under *Younger*, and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed.2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id*. 481 U.S. at 17.

Abstention in favor of state court proceedings is proper where three elements exist: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982); *Fieger v. Thomas*, 74 F.3d

4

740, 744 (6th Cir.1996). All three of these criteria are met in the instant case. The plaintiff must pursue his double-jeopardy claims in the Fayette Circuit Court.

To the extent that the complaint could be broadly read to allege that the "Fayette Circuit Court" is violating state law, federal courts are without authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, federal courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275,1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Accordingly, the court must **DENY** the request for emergency injunctive relief and **DISMISS** the instant § 1983 complaint.

## CONCLUSION

The court having thus found that the plaintiff has failed to state a claim upon which this court may grant relief and being otherwise advised, **IT IS ORDERED:**

(1) This action [07-CV-147-JBC] is **DISMISSED**, *sua sponte,* from the docket of the court.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

5

Signed on July 6, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY